UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22258-CIV-UNGARO

LYLA ALTSCHUL,

    Plaintiff,

v.

NCL (BAHAMAS) LTD, d/b/a
NORWEGIAN CRUISE LINES.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS AND
MOTION FOR A MORE DEFINITE STATEMENT**

    THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and For More Definite Statement and Incorporated Memorandum of Law, filed September 9, 2009 (D.E. 7). Plaintiff responded on September 15, 2008 (D.E. 12).

    THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. In its Motion, Defendant argues that Plaintiff's negligence claim, its sole cause of action in the Complaint, is unduly vague in so far as it does not identify the place of Plaintiff's fall. (Def.'s Mot. 1.) Therefore, Defendant argues that the Complaint is so vague and ambiguous that Defendant cannot properly frame a responsive pleading, and that Plaintiff has not stated a proper claim for negligence. (Def.'s Mot. 2-3.) Defendant asks this Court to dismiss the Complaint without prejudice and that Plaintiff provide more detailed information regarding the location of the alleged accident. (Def.'s Mot. 3.) Plaintiff's identifies the location of her fall in her response as "outside the buffet on deck 12 on

M/S Norwegian Jewel."  (Pl.'s Resp. 1.)

## Motion to Dismiss

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  When considering a motion to dismiss, the Court must liberally construe the complaint in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  At this stage of the litigation, the Court must consider the allegations contained in the plaintiff's complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).  While a complaint does not need to set forth detailed factual allegations to survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  In practice, to adequately state a claim, "plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F. 3d 1250, 1263 (11th Cir. 2004).  Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id*. at 1262-63 (citation and quotation marks omitted).

In order to state a claim for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; (3) the breach was the proximate cause of the injury to the plaintiff; and (4) the plaintiff suffered damages. *Hasenfus v. Secord*, 962 F.2d 1556, 1559-60 (11th Cir. 1992).  In its Motion, Defendant appears to argue that the Complaint should be dismissed solely because it fails to identify the location of

the Plaintiff's fall. (Def.'s Mot. 3.) Defendant does not allege that Plaintiff has failed to properly allege an element of her cause of action. Moreover, even assuming it was necessary for the Plaintiff to identify the location of her fall in order to state a claim, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985). Accordingly, Defendant's Motion to Dismiss is denied.

<u>Motion for a More Definite Statement</u>

Defendant also moves for a more definite statement of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(e), asking that the Plaintiff provide more detailed information regarding the location of the incident.[1] Plaintiff states in her response that she is willing to amend her complaint such that it will identify the exact location of her slip and fall. (Pl.'s Resp. 1.)

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and For More Definite Statement and Incorporated Memorandum of Law (D.E. 7) is GRANTED IN PART AND DENIED IN PART. The Plaintiff shall amend her complaint <u>within 5 days</u> from the date of this Order to provide more detailed information regarding the location of the incident, and Defendant shall respond to the amended complaint <u>within 10 days thereafter</u>.

---

[1] Rule 12(e) of the Federal Rules of Civil Procedure provides in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

DONE AND ORDERED in Chambers, Miami, Florida, this 16th day of September, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record